IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00346-MR-WCM

| | |
|---|---|
| VERONICA D. NEWKIRK, )<br>)<br>    Plaintiff, )<br>)<br> v. )<br>)<br>TROOPER CHRISTOPHER )<br>COLTON WADE, *in his individual* )<br>*and official capacities;* )<br>TROOPERS JOHN DOES 1-2, )<br>*in their individual and official capacities;* )<br>COMMANDER GLENN M. MCNEIL JR.,)<br>*in his individual and official capacity;* )<br>NORTH CAROLINA )<br>HIGHWAY PATROL; )<br>SECRETARY EDDIE BUFFALOE, JR., )<br>*in his individual and official capacity;* )<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY; )<br>DEPUTIES JANE DOES 1-4, )<br>*in their individual and official capacities;* )<br>DETENTION CAPTAIN MICHAEL )<br>MAUNEY, *in his individual* )<br>*and official capacity;* )<br>DETENTION MAJOR RODNEY FITCH, )<br>*in his individual and official capacity;* )<br>SHERIFF ALAN NORMAN, )<br>*in his individual and official capacity;* )<br>and )<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>    Defendants. )<br>_____ ) | ORDER |

1

This matter is before the Court for case management purposes.

On November 26, 2024, the presiding District Judge dismissed without prejudice Plaintiff's claims against Defendants Glenn M. McNeil, Jr., Trooper John Does 1–2, and Deputies Jane Does 1–4. Doc. 53. The Court also ordered the parties to conduct an Initial Attorneys' Conference ("IAC") within fourteen (14) days of the entry of the Order and to file a Certificate of Initial Attorneys' Conference within seven (7) days of the conference. Id. at 2.

On December 17, 2024, counsel for the remaining Defendants filed a Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan (the "IAC Certificate," Doc. 54). That filing states that Plaintiff, who is appearing *pro se*, was included on an email that was circulated to all counsel on November 26 and that proposed available dates for an IAC, that Plaintiff did not acknowledge the email "until day 13" when she sent her own email stating that the conference "'will need to be rescheduled until I have received all pertinent information regarding this case.'" Id. at ¶ 3. A copy of a December 9, 2024 email from Plaintiff was attached as Exhibit 1 to the IAC Certificate.

In the exercise of discretion, and in order to give all parties the opportunity to be heard as the Court establishes a case management plan for this case, the undersigned will conduct an Initial Pretrial Conference at the United States Courthouse in Asheville, North Carolina. The Clerk is respectfully directed to schedule that proceeding. Plaintiff and counsel for all

2

remaining Defendants shall appear in person. During the conference, the parties should be prepared to discuss their positions concerning any issue that is germane to pretrial matters, including but not limited to the topics referenced in Local Civil Rule 16.1(g) (stating in part that matters considered during an Initial Pretrial Conference "may include, but are not limited to: consent to United States Magistrate Judge jurisdiction; discovery guidelines and deadlines; Rule 26 disclosures; interrogatories and requests for admission; maintenance of discovery material; video depositions; protective orders; motions deadlines; motions hearings; responses to motions; trial subpoenas; counsel's duties before trial; the trial date; proposed jury instructions; exhibits; mediation; and production of electronically stored information ('ESI').").

In addition, during the Initial Pretrial Conference, Plaintiff should be prepared to explain her apparent failure to abide by the District Judge's prior order that required the parties to conduct an IAC.

It is so ordered.

Signed: December 30, 2024

W. Carleton Metcalf
United States Magistrate Judge