THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00346-MR-WCM

| | |
|---|---|
| VERONICA D. NEWKIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHRISTOPHER COLTON ) | |
| WADE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation [Doc. 64].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to oversee certain pretrial proceedings in the above-captioned action and to submit to this Court recommendations regarding certain dispositive matters.

On January 15, 2025, after the Plaintiff failed to appear at an Initial Pretrial Conference in front of the Magistrate Judge, the Magistrate Judge entered an Order directing the Plaintiff to Show Cause on or before January 31, 2025, explaining why sanctions should not be imposed against her for

failure to appear. [Doc. 59]. The Magistrate Judge directed the Clerk of Court to send a copy of the Show Cause Order to the Plaintiff by electronic mail and by U.S. Mail to the Plaintiff's last known mailing address.[1] [Id. at 4].

On March 5, 2025, after the Plaintiff failed to file a response to the Magistrate Judge's Show Cause Order, the Magistrate Judge entered an Order imposing monetary sanctions in the amount of $200.00 on the Plaintiff to be paid on or before March 26, 2025. [Doc. 63]. The Magistrate Judge again directed the Clerk of Court to send a copy of the Order to the Plaintiff by electronic mail and by U.S. Mail to the Plaintiff's last known mailing address. [Id. at 7].

On April 8, 2025, after the Plaintiff failed to timely pay the sanctions imposed upon her by the Magistrate Judge, the Magistrate Judge filed a Memorandum and Recommendation containing proposed findings of fact and conclusions of law in support of a recommendation regarding the disposition of this case. [Doc. 64]. Specifically, the Magistrate Judge recommended that the Plaintiff's case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 64 at

---

[1] On April 23, 2024, the Plaintiff filed a Notice of Change of Address, informing the Court of the Plaintiff's mailing address and email address. [Doc. 32]. The Plaintiff later requested that filings in this case be sent to the email address listed in the Notice of Change of Address. [See Doc. 49]. The Court's records indicate that the Clerk's office has complied with the Plaintiff's request. The Plaintiff has not provided any further update of her mailing address or her email address in this case.

2

8].  The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.  The period within which to file objections has expired, and no written objections to the Memorandum and Recommendation have been filed.

On May 8, 2025, the Magistrate Judge's Show Cause Order [Doc. 59], Sanctions Order [Doc. 63], and Memorandum and Recommendation [Doc. 64] were returned to the Clerk's office as undeliverable.  [See Docs. 65, 66, 67].  The fact that filings in this case have been returned to the Clerk's office as undeliverable, however, is of no moment.  Review of the undelivered filings indicates that the documents were shipped to the mailing address provided by the Plaintiff to this Court [see Docs. 32, 65, 66, 67], and the Plaintiff has not provided the Court with any further update of her mailing address.  Additionally, the Court's records show that filings have been sent to the email address provided by the Plaintiff to this Court [see Doc. 32], and the Plaintiff has not provided the Court with any further update of her email address.  Based on the foregoing, the Plaintiff neglected her duty to prosecute this case, and, as such, the case should be dismissed.  See Feagin v. Blockbuster Inc., 3:09-cv-00532-RJC, 2016 WL 3148390, at *2 (W.D.N.C. June 2, 2016) ("Plaintiff is proceeding pro se, so she bears the

entire responsibility of prosecuting this case. It is Plaintiff's burden to move this case forward, and she has failed to do so. Her failure to keep the Court informed regarding the status of this case or to comply with the Court's orders constitutes a failure to prosecute." (citations omitted)).

After a careful review of the Magistrate Judge's Memorandum and Recommendation [Doc. 64], the Court finds that the proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Plaintiff's case be dismissed for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 64] is **ACCEPTED**, and the Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to mail this Order to the Plaintiff both by electronic mail at the email address that the Plaintiff has provided and by U.S. Mail to the Plaintiff's address of record, as reflected by the Plaintiff's filings in this case. [See Doc. 32].

Signed: May 14, 2025

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

4

Case 1:23-cv-00346-MR-WCM    Document 68    Filed 05/15/25    Page 4 of 4